UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOE HUCHOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-04151-SLD |
| | ) |
| KEWANEE YOUTH CENTER, STATE OF ILLINOIS DEPARTMENT OF JUVENILE JUSTICE, | ) |
| | ) |
| Defendants. | ) |

ORDER

Now before the Court is Defendant Kewanee Youth Center's motion to dismiss the Complaint as to itself. For the following reasons, the motion is GRANTED.

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiff Huchowski alleges that he was fired from his job as a "Juvenile Justice Specialist" at Kewanee Youth Center (a place of incarceration for children run by the State of Illinois) because of his sex. Compl., ECF No. 1. He claims that he was fired after being blamed for inadvertently permitting one inmate to have sex with another inmate, which is against the rules, and that a similarly situated female Justice Specialist was not so disciplined. While Huchowski does not identify a particular state or federal statute under which he intends to bring his claims, he does say that he was discriminated against because of his age and sex, and so is presumably bringing suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1–

1

2000e-17, the federal statute that prohibits discrimination in employment based on sex; and under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–34, the statute that prohibits employment discrimination against anyone at least 40 years in age. Defendant Kewanee Youth Center moves to dismiss on the ground that it is not an employer within the meaning of Title VII or the ADEA, and hence, not the proper party to be sued under either statute.

Title VII claims for discrimination on the basis of sex must be brought against a plaintiff's employer. *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770, 777 (7th Cir. 1999). In suits against state entities, the "employer" is the "particular agency or part of the state apparatus that has actual hiring and firing responsibility." *Id.* Because the ADEA uses "virtually the same definition of 'employer'" as Title VII, the same requirement applies to suits brought under the ADEA. *Williams v. Banning*, 72 F.3d 552, 553–54 (7th Cir.1995); *Levin v. Madigan*, 697 F. Supp. 2d 958, 973 (N.D. Ill. 2010). Here, Defendant Kewanee Youth Center represents, uncontrovertedly, that it is not the particular agency or part of the state apparatus that has actual hiring and firing responsibility, and that only Defendant Department of Juvenile Justice meets those requirements.

Because the Kewanee Youth Center is not an employer amenable to suit under either Title VII or the ADEA, Plaintiff Huchowski's claims against it are DISMISSED. The Clerk is directed to terminate the Kewanee Youth Center from the case.

Entered this 22nd day of December, 2016.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
